MURPHY, J., dissenting in part. The majority concludes Sandoval-Enrique’s appeal is not moot because he is attacking his conviction, not his sentence. As to Sandoval-Enrique’s challenge to the district Court’s rejection of the two Fed. R. Crim. P. 11(c)(1)(C) plea agreements, I disagree. The majority relies on United States v. Vanderwerff, 788 F.3d 1266 (10th Cir. 2015) to support its conclusion that Sandoval-Enrique’s appeal from the district court’s refusal to accept either of the two fast-track plea agreements is not-moot. In Vandenoerff, the district court rejected a plea agreement because it contained a waiver of the defendant’s appellate rights. Id. at 1269. The plea bargain in Vanderwerff was a charge bargain and the appeal directly implicated the defendant’s conviction because, although the parties eventually entered into another plea agreement, “the government was apparently unwilling, absent the appellate waiver, to offer the same bargain regarding the charges.” Id, at 1272 (emphasis added); see also id. at 1270 (“The new deal omitted the appellate waiver and stipulated to the dismissal of Counts 2 and 3 (instead of Counts i and 3), leaving only Count 1, a receipt [of child pornography] count, for purposes of the guilty plea.”). The same is not true here. Unlike the charge bargain at issue in Vanderwerff, Sandoval-Enrique’s two rejected plea agreements were Fed. R. Crim. P. 11(c)(1)(C) sentence bargains. See id. at 1271 (describing the difference between a charge bargain and a sentence bargain and noting that charge bargains implicate a district court’s sentencing discretion “only as an incidental consequence of the .prosecution’s exercise of executive discretion”). Sandoval-Enrique eventually, pleaded guilty to the one and only count with which he was charged—unlawfully reentering the United States after removal. On appeal, he argues the district court (1) mistakenly believed it could not impose a term of supervised release, (2) placed too much emphasis on the sixteen-month sentence he received for a prior Texas conviction, (3) faked to adequately explain why it rejected the two plea agreements, and (4) attempted to subvert the fast-track program by refusing to accept plea agreements with fast-track sentences. Based on these alleged errors, Sandoval-Enrique argues, the district court refused to accept the two Rule 11(c)(1)(C) plea agreements, both of which applied the fast-track adjustment to calculate his advisory guidelines range, Sandoval-Enrique does not, and has never, asserted the.alleged errors had any effect on his willingness to plead guilty to the unlawful reentry charge. The majority is correct that Sandoval-Enrique is seeking to withdraw his guilty plea and have his conviction vacated. But this is not disposi-tive of the mootness issue because Sandoval-Enrique. must be permitted to withdraw his guilty plea before he can- receive the only relief he' really seeks—a Rule 11(c)(1)(C) plea agreement incorporating a fast-track adjusted sentence. Thus,, this issue is not really a challenge to Sandoval-Enrique’s conviction; it is exclusively a challenge to the district court’s refusal to accept the sentence bargain in the Rule 11(c)(1)(C) plea agreement. Correction of the alleged errors would not implicate the validity of Sándovaí:Enrique’s conviction in any way and cannot affect his sentence because it has already been served. Because any issues relating to the rejection of the two Rule lí(c)(l)(C) fast-track plea agreements are moot, that portion of Sandoval-Enrique’s appeal should be dismissed. Accordingly, I dissent from Section II.B. of the majority opinion.